UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

ELIZABETH CARLOS DE SOUZA,

Plaintiff,

v.

SCOTT ISRAEL, as Sheriff of Broward County,
Florida, and FRANK VOUDY III,

Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ELIZABETH CARLOS DE SOUZA ("DE SOUZA"), by and through her undersigned counsel, files this, her Complaint and Demand for Jury Trial against Defendants, SCOTT ISRAEL, as Sheriff of Broward County, Florida, (the "SHERIFF"), and FRANK VOUDY III, ("VOUDY"), and in support thereof states as follows:

### I.   INTRODUCTION

1. Plaintiff brings this claim against Defendants for deprivation of civil rights protected by 42 U.S.C. § 1983, and for violation of state law. Plaintiff seeks injunctive relief and monetary damages to remedy the harm for which she suffered as a result of Defendants' actions.

### II.   JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1334 because the matters in controversy arise under the Constitution and laws of the United States; and 28 U.S.C. §1367(a).

### III.     VENUE

3.     Venue is appropriate in this Court under 28 U.S.C. §1391(b) because Defendants' acts and/or omissions that gave rise to Plaintiff's claims took place within Broward County, Florida, which is situated within the Southern District of Florida.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.     Plaintiff has exhausted all administrative remedies necessary before filing this lawsuit.

### V.     STATEMENT OF FACTS

5.     At all times material hereto, Plaintiff was and continues to be a citizen of the United States and a resident of Broward County, Florida.

6.     At all times material hereto, Defendant, Israel, as Sheriff of Broward County, Florida, is the Sheriff of Broward County Florida.  In this cause, Defendant, Sheriff, acted through his agents, employees, and servants, including Defendant, Voudy.

7.     At all times material hereto, Defendant, Voudy, was a deputy sheriff with the Broward County Sheriff's Department and a resident of Broward County.

8.     At all times material hereto, Defendant, Voudy, was acting under color of law as a deputy sheriff for Defendant, Sheriff, and in such capacity as an agent, servant, and employee of Defendant, Sheriff.

9.     On April 13, 2015, Defendant Voudy "conducted a traffic stop of a vehicle driven by Elizabeth Carlos DE SOUZA for speeding."  <u>See</u> Internal Affairs Report and Recommendation, attached hereto as Exhibit "A", and <u>Voudy v. Israel</u>, Case NO: 15-60129-CIV-WPD [DE 21-24].

10.     "At the time, Ms. DE SOUZA was returning home from work as a cocktail

waitress at a local casino." Id.

11. "She was issued a written warning by Voudy." Id.

12. "On April 17, Ms. DE SOUZA came to BSO's Internal Affairs (IA) Division and alleged Deputy Voudy issued her a warning because of the way she was dressed, and she complained he asked her to remove her seat belt, allegedly to get a better look at her dressed in provocative clothing." Id.

13. "A Preliminary Investigation Inquiry (PII) was opened and initially assigned to Deerfield command." Id.

14. "On April 27, 2015, Deputy Voudy stopped DE SOUZA again for speeding, during which discussion ensued for several minutes about the reason for this traffic stop, but also discussed, in some detail, were the circumstances of the previous stop." Id.

15. "Deputy Voudy asked Ms. DE SOUZA why she thought he issued her a warning the previous time, to which she replied she believed it was because of the way she was dressed." Id.

16. "During this portion of the conversation, Deputy Voudy acknowledged recalling he had asked DE SOUZA to remove her seatbelt during the first stop, and he then asked her if that made her feel uncomfortable." Id.

17. "DE SOUZA replied it did make her feel uncomfortable, after which Voudy insinuated patrons at the casino where she works must look at her all the time." Id.

18. "Voudy issued DE SOUZA another written warning and concluded the stop." Id.

19. "On May 20, 2015, Ms. DE SOUZA came to IA to follow-up on her original complaint, but also brought with her a surreptitiously recorded audio/video of the conversation she had with Deputy Voudy during the second traffic stop." Id.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

20. The case was then reclassified and assigned to Sergeant Latresha President, Internal Affairs, for investigation." Id.

21. "The review concluded Deputy Voudy engaged in inappropriate communications with DE SOUZA during the second traffic stop in violation of SPM 2.21, Sexual Misconduct/Solicit or Engage in Sexual Activity; and he did not perform his duties in a professional manner in violation of SPM 2.4, Meeting BSO Standards." Id.

22. "Therefore, in order to achieve a final settlement of this matter, with which Deputy Voudy and his union representative have agreed to accept, my recommendation is to amend the sustained charge for violating SPM 2.21 to a sustained charge of violating SPM 2.3 Conduct Unbecoming an Employee and retain the other original disciplinary recommendation made by the PSC." Id.

23. Defendant, Voudy, was given a five day suspension without pay. Id.

24. The review somehow did not make a conclusion regarding the first traffic stop, even though Defendant, Voudy, admitted to his actions while he was being recorded.

25. Defendant, Sherriff, and/or agents acting on his behalf were aware of the specific unlawful conduct committed by Defendant, Voudy.

26. Defendant, Sheriff, and/or agents acting on his behalf failed to take any remotely reasonable measures to prevent a similar event from occurring in the future until such time as Ms. DE SOUZA complained a second time with a recording of Defendant, Voudy, admitting to his improper actions.

27. Defendant, Sheriff, did not act upon the first complaint made by Ms. DE SOUZA. As such, Ms. DE SOUZA was subjected to another traffic stop by Defendant, Voudy.

28. After the first traffic stop Ms. DE SOUZA was "afraid and uncomfortable." See

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

July 17, 2015 Internal Affairs Report; Voudy v. Israel, Case NO: 15-60129-CIV-WPD [DE 21-24] at 13.

29. "Ms. DE SOUZA ender her complaint by saying that she was scared and that she did not know what to do. She said that the next day, Deputy Voudy was in the same spot and he noticed her. She testified that he did not pull her over or stop her, but he noticed her." Id. at 14.

30. Defendant, Sheriff, did not do anything to protect Ms. DE SOUZA after her initial complaint.

31. After the second illegal traffic stop conducted by Defendant, Voudy, "Ms. DE SOUZA tearfully described her fear of being targeted by Deputy Voudy. She said that because she has a family, she did not want anything to happen to her or them in the form of retaliation. She explained that Voudy knew where she lived, where she worked, and what type of car she drives. She further indicated that she was thinking about changing her work schedule, so that she would not encounter him while driving to work. DE SOUZA did not want anyone else to go through the fear that she is feeling." Id. at 15.

32. On May 26, 2015, Defendant, Voudy, pulled over another female motorist. The motorist was returning from the pool and was wearing a bikini top. She did not have a driver's license, she was driving another person's vehicle, and there were complications with the license plate. "She said that she was a [sic] wearing a bikini top and he stared…She elaborated that her friend Sarah also had on her bikini top and Voudy was staring at them both, but he did not make any comments about the way they were dressed." Even though the driver did not have her license, there was confusion about her last name, there was an issue with the license plate and the woman was speeding, "Voudy said, 'Okay. You know what? This is just between the three of us. Don't let anybody know that I didn't give you a ticket. I'm just gonna give you a warning.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Next time you'll get a ticket.'" Voudy v. Israel, Case NO: 15-60129-CIV-WPD [DE 21-24] at 17.

33. Broward Sheriff's Office uses a Driver and Vehicle Information Database (DAVID) to check a driver's history. During the investigation into Defendant, Voudy's, actions, it was determined that Defendant, Voudy, queried information on thirty (30) females against seven (7) males from January 1, 2015 through April 25, 2015. "15 of the females had their photo displayed/viewed more than 4 times and as much as 27 times. None of the male photos were viewed."

34. During the investigation into Defendant, Voudy's, actions, it was determined that Defendant, Voudy, stopped two hundred and forty nine (249) females against one hundred forty six (146) males.

35. Proper supervision by Defendant, Sheriff, of Defendant, Voudy, would have alerted him to Defendant, Voudy's, conduct.

36. Proper supervision by Defendant, Sheriff, of Defendant, Voudy, would have resulted in putting safeguards in place to prevent the first improper traffic stop against DE SOUZA.

37. Proper supervision by Defendant, Sheriff, of Defendant, Voudy, would have resulted in putting safeguards in place to prevent the second improper traffic stop against DE SOUZA.

38. Plaintiff has retained the Law Offices of Shawn L. Birken, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

## COUNT I
## STATE LAW CLAIM OF NEGLIGENT RETENTION OR SUPERVISION AGAINST DEFENDANT, SHERIFF

Plaintiff realleges and reavers paragraphs 1 through 38 of this Second Amended Complaint as if fully set forth herein.

39. Prior to April 13, 2015, Defendant, Voudy, engaged in or showed a propensity to engage in conduct that is in its nature was dangerous to women.

40. Prior to April 27, 2015, Defendant, Voudy, engaged in or showed a propensity to engage in conduct that is in its nature was dangerous to women.

41. Prior to April 13, 2015, Defendant, Sheriff, had notice that Defendant, Voudy, had acted, or in all probability would act, in a manner dangerous to women.

42. Prior to April 27, 2015, Defendant, Sheriff, had notice that Defendant, Voudy, had acted, or in all probability would act, in a manner dangerous to women.

43. Prior to April 13, 2015, Defendant, Sheriff, had the ability to control Defendant, Voudy, such as to have substantially reduced the probability of harm to other persons.

44. Plaintiff, DE SOUZA, was injured by an act of Defendant, Voudy, that could reasonably have been anticipated by Defendant, Sheriff, and that by exercising due diligence and authority over Defendant, Voudy, Defendant, Sheriff, might reasonably have prevented.

45. Plaintiff, DE SOUZA, was within a reasonably foreseeable area of danger that was reasonably foreseeable to Defendant, Sheriff, created by Defendant, Sheriff's, retention of Defendant, Voudy, as a deputy sheriff despite his history of previous conduct in such a capacity.

46. By his acts or omissions, Defendant, Sheriff, breached his duty to Plaintiff, DE SOUZA, to exercise reasonable care in retaining employees for which Defendant, Sheriff, was placed on actual or constructive notice of Defendant, Voudy's, dangerous tendencies, nature, or

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

character, and it was unreasonable for Defendant, Sheriff, to not take sufficient corrective action in the form of appropriate investigation, supervision, reassignment or discharge.

47. As a direct and proximate cause of Defendant, Sheriff's, negligent retention or supervision of Defendant, Voudy, Plaintiff, DE SOUZA, has suffered damages, including but not limited to:

    a. Loss of past and future income;

    b. Stress, anxiety, and emotional distress;

    c. Other financial losses.

48. Plaintiff is entitled to an award of compensatory damages; reasonable costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff respectfully requests that this Court find in favor of Plaintiff and against Defendant, Sheriff, and:

    a. Award Plaintiff compensatory damages;

    b. Award reasonable and costs incurred in this action; and

    c. Order any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT, VOUDY

Plaintiff realleges and reavers paragraphs 1 through 38 of this Second Amended Complaint as if fully set forth herein.

49. When Defendant, Voudy, was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant, Sheriff, Defendant, Voudy, subjected Plaintiff, DE SOUZA, to the deprivation of the rights and privileges secured to

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

her by the Constitution of the United States, including the Fourth Amendment freedom from unreasonable search and seizure as well as deprived Plaintiff of her liberty interest under the Fourteenth Amendment of the United States Constitution.

50. With regard to the violations of the constitutional rights of Plaintiff, DE SOUZA, the actions of Defendant, Voudy, were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress Plaintiff, DE SOUZA, and were done with a reckless or callous indifference to Plaintiff, DE SOUZA's, federally protected rights.

51. As a direct and proximate cause of the violation of Plaintiff, DE SOUZA's, rights, Plaintiff, DE SOUZA, suffered damages, including, but not limited to, humiliation, emotional, mental and psychological injury.

52. As a further direct and proximate cause of the violation of Plaintiff, DE SOUZA's, rights, Plaintiff, DE SOUZA, suffered damages, including, but not limited to loss of her liberty and freedom, mental anguish, attorney expense and loss of the capacity for the enjoyment of life. Plaintiff, DE SOUZA's, losses are either permanent or continuing and Plaintiff, DE SOUZA, will suffer the losses in the future, in violation of Plaintiff, DE SOUZA's, civil rights.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendant, Voudy:

    a. Declaring that Defendant, Voudy, has violated the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution;

    b. Directing that Defendant, Voudy, pay Plaintiff compensatory damages due to the violations of her Fourth and Fourteenth Amendment rights;

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

    c.    Awarding Plaintiff reasonable attorneys' fees, costs, and expenses related to this litigation pursuant to 42 U.S.C. § 1988; and

    d.    Ordering any other and further relief as this Court may deem just and proper.

## COUNT III

### VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT, SHERIFF

Plaintiff realleges and reavers paragraphs 1 through 38 of this Second Amended Complaint as if fully set forth herein.

53.    While Defendant, Voudy, was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant, Sheriff, Defendant Voudy, subjected Plaintiff, DE SOUZA, to the deprivation of the rights and privileges secured to her by the Constitution of the United States, including the Fourth Amendment freedom from unreasonable search and seizure as well as deprived Plaintiff of her liberty interest under the Fourteenth Amendment of the United States Constitution.

54.    On April 13, 2015, previous to the first time Defendant, Voudy, committed the aforementioned acts against Plaintiff, DE SOUZA, Defendant, Voudy, showed a propensity to engage in conduct that is in its nature dangerous to women, as evidenced by the allegations set forth in paragraphs 33 and 34.

55.    On April 27, 2015, previous to the second time Defendant, Voudy, committed the aforementioned acts against Plaintiff, DE SOUZA, Defendant, Voudy, showed a propensity to engage in conduct that is in its nature dangerous to women, as evidenced by the allegations set forth in paragraphs 33 and 34. Additionally, Plaintiff, DE SOUZA, complained about Defendant,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Voudy's, April 13, 2015 actions that were similar in nature to those committed on April 27, 2015.

56. Defendant, Voudy, previously engaged in identical course of conduct against Plaintiff, DE SOUZA, on April 13 and April 27, 2015.

57. Through the course of the investigation, only started due to Plaintiff, DE SOUZA's two complaints, it was determined that Defendant, Voudy, had a propensity to pull over women; pull up their pictures on his DAVID system; unprofessionally stare at women; and generally act in a manner unbecoming to a Sheriff's deputy.

58. The aforementioned actions committed by Defendant, Voudy, against Plaintiff, DE SOUZA, taken in his official capacity as a law enforcement officer and employee of Defendant, Sheriff, placed Defendant, Sheriff, on actual or constructive notice of the dangerous propensities by Defendant, Voudy.

59. Defendant, Sheriff, failed to take sufficient actions to remedy the dangerous condition presented by Defendant, Voudy's, continued employment as a police officer, including but not limited to, failing to provide sufficient remedial training for Defendant, Voudy, failing to discipline Voudy for his conduct, failing to reassign Defendant, Voudy, to a different assignment (not on the road), failing to adequately supervise Defendant, Voudy, or failing to terminate Defendant, Voudy's, employment.

60. The failure to act on behalf of Defendant, Sheriff, constitutes deliberate indifference to Plaintiff, DE SOUZA's, civil rights, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

61. The failure to act by Defendant, Sheriff, was the motivating force behind the violation of Plaintiff, DE SOUZA's, civil rights.

62. By allowing Defendant, Voudy, to pull her over on two occasions, harass,

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

embarrass, detain, and otherwise terrify Plaintiff, DE SOUZA, Defendant, Sheriff, violated Plaintiff's constitutional right, Fourth Amendment freedom from unreasonable search and seizure as well as deprived Plaintiff of her liberty interest under the 14th Amendment of the United States Constitution.

63.    Defendant, Sheriff, violated Plaintiff's constitutional rights by allowing Defendant, Voudy, to harass, embarrass, detain, and otherwise terrify Plaintiff, DE SOUZA, and not stopping Defendant, Voudy, when notified of his illegal actions.

64.    At all times material hereto, Defendant, Sheriff acted under color of a statute law, within the meaning of 42 U.S.C. § 1983.

65.    Defendant, Voudy, while effectuating the illegal detainment and seizure of Plaintiff performed discretionary acts that violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.

66.    It is the policy and practice of Defendant, Sheriff, to tolerate a pattern of misconduct by certain Deputies, including Defendant, Voudy, with no significant effort to terminate, discipline or closely monitor these officers.

67.    As a direct and proximate result of Defendants, Sheriff's, unlawful and willful violation of Plaintiff's rights, Plaintiff has suffered damages and will continue to suffer damages in the future including, but not limited to, emotional distress, aggravation, embarrassment and humiliation.

68.    Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses related to the litigation pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, Sheriff:

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

  a. Declaring that Defendant, Sheriff, violated the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution;

  b. Permanently enjoining Defendant, Sheriff, from continuing and/or maintaining the policy, practice, and custom of denying, abridging, withholding, or conditioning, the federally protected right to be free from illegal seizure and the unlawful deprivation of liberty without due process of law;

  c. Directing that Defendant, Sheriff, pay Plaintiff compensatory damages due to the violations of his Fourth and Fourteenth Amendment rights;

  d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses related to this litigation pursuant to 42 U.S.C. § 1988; and

  e. Ordering any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable by right.

P a g e | 13

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Dated this 10th Day of August, 2016.

                              Respectfully submitted,

                              LAW OFFICES OF
                              SHAWN L. BIRKEN, P.A.
                              100 SE 3rd Ave., Suite 1300
                              Fort Lauderdale, Florida  33394
                              Tel:     (954) 990-4459
                              Fax:    (954) 990-4469
                              Email: sbirken@birken-law.com

                        By:   /s/Shawn L. Birken_____
                              SHAWN L. BIRKEN
                              Florida Bar No.: 418765

**\\acabello-xp\shares\De Souza, Elizabeth vs. BSO\Complaint FINAL.doc**

P a g e | 14

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com